STATE OF MAINE

CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-01-069

MAINE CARE SERVICES, INC.,

Petitioner

v.

ORDER

DONALD L. GARBRECHT
LAW LIBRARY

OCT 1 2002

MAINE DEPARTMENT OF
HUMAN SERVICES,

Respondent

This matter is before the court on Petitioner Maine Care Services' 80C appeal of Respondent Department of Human Services Commissioner's decision to terminate Petitioner's participation in the Child and Adult Care Food Program.

## FACTUAL BACKGROUND

Maine Care Services, Inc. (MCS) was a "sponsoring organization" under the Child and Adult Care Food Program (CACFP). The Department of Human Services (DHS) informed MCS that it was "seriously deficient" and that it had until 5/24/99 to repond to "Requirements for Corrective Action." On 5/24/99 MCS responded that it had substantially complied with the requested corrective action. DHS nonetheless decided to terminate MCS' participation in the program.

MCS appealed. The hearing officer recommended that DHS reverse its termination of MCS, on grounds that MCS adequately complied with most, if not all of DHS' required corrective actions; that DHS failed to provide MCS with the technical and supervisory assistance that MCS requested to meet DHS' corrective actions;" and that DHS failed to provide MCS with "every reasonable opportunity" to correct the problems before terminating MCS. DHS objected.

In his August 2000 final decision, the DHS Commissioner (the Commissioner) accepted the findings of fact in the hearing officer's decision, but concluded that DHS correctly terminated MCS. MCS appealed.

In September 2001, this court vacated the Commissioner's decision and remanded to the Commissioner. The court determined that, having adopted the hearing officer's findings, the Commissioner was precluded from making additional findings of fact, or conclusions based on such findings, inconsistent with those of

the hearing officer.

In October 2001, the Commissioner filed a second "final decision." The Commissioner insisted that he had had no intention of adopting the hearing officer's findings of specific facts concerning the 33 individual "corrective actions" required by DHS, and that his adoption of these findings was in error.

In November 2001 MCS filed a petition for review of the Commissioner's second "final decision. "

## MCS 80C Appeal

MCS argues that, after this court remanded for "further proceedings, findings of fact or conclusions of law consistent with this decision," pursuant to 5 M.R.S.A. § 11007(4)(B)(1989), the Commissioner failed to issue further findings of fact or conclusions of law. Instead, MCS maintains, the Commissioner attempts to retract or "unfind" his original findings, and the Commissioner's remaining findings do not address the merits of the case. MCS asserts that it complied with 19 of the "corrective actions" required by DHS, and that the court may not substitute its judgment for that of DHS on questions of fact.

*Substantial evidence on the record*

DHS contends that the court ordered the Commissioner to reconcilehis adoption of the Hearing Officer's findings of fact with subsequent findings and conclusions. After reconciling the points of inconsistency in his prior decision, the Commissioner issued a revised decision, which did not involve additional findings. DHS insists that the Commissioner did not change his view of the facts, but clarified his decision. Moreover, DHS argues that MCS never challenged the sufficiency of DHS' findings during the proceeding before the Commissioner. DHS is only required to provide adequate findings to enable a court to determine that the administrative decision is supported by substantial evidence upon the record. DHS maintains that the Commissioner's specific findings in its final decision, as to the inadequacy of MCS' responses to the required "corrective actions," provide substantial evidence for the Commissioner's decision. DHS contends that there is substantial evidence upon the record that MCS failed or refused to correct its serious deficiencies.

DHS lists eight findings by USDA in its audit of MCS' failure to correct its deficiencies. DHS also argues that Catholic Charities Maine (CCM) also testified to "system errors" in provider records sent to CCM from MCS that had not been corrected for two years. DHS maintains that MCS' responses were often challenges to the authority of DHS to require action.

MCS replies that the USDA's audit in 1997 does not support conclusions as to MCS' corrective actions in 1999, and that CCM faulted things that had nothing to do with the corrective actions.

*"Every reasonable opportunity"*

MCS asserts that DHS did not give MCS "every reasonable opportunity" to correct problems before termination, pursuant to 7 C.F.R. § 226.6(c), but rather gave MCS only one opportunity to make corrections. MCS claims that during the 60 days DHS gave MCS to correct its problems, DHS provided no feedback or assisance, and no second chance.

DHS maintains that, in its earlier decision, the court would havefound, were it not for the inconsistencies between the Commissioner's findings and conclusions, that DHS gave MCS "every reasonable opportunity." DHS further avers that the United States Department of Agriculture (USDA) stated on the record that DHS had provided MCS with every reasonable opportunity to correct during a sufficient period, and that MCS failed to do so.

## DISCUSSION

*Standard of review*

In an 80C appeal, a court reviews the agency's decision directly for abuse of discretion, errors of law, or findings not supported by the evidence. *Green v. Department of Mental Health, Mental Retardation, and Substance Abuse Services*, 2001 WL 1715874, *2, AP-00-55 (Me. Super. Ct., Nov. 29, 2001). In reviewing the decisions of an administrative agency, the court should "not attempt to second-guess the agency on matters falling within its realm of expertise." *Id.* The court's review is limited to "determining whether the agency's conclusions are unreasonable, unjust or unlawful in light of the record." *Id.*

In this case, as in *Green,* the agency [DHS Commissioner] adopted the findings of fact of the hearing officer, but ultimately arrived at a different conclusion. In *Green* this court stated, " any doubt in the mind of the court over the wisdom of the Commissioner's ultimate conclusion is not sufficient to reverse the decision." *Id.,* *3. Here, DHS has presented substantial evidence for its conclusion that MCS neglected, even opposed mandated corrective action. DHS has also presented substantial evidence that it provided MCS every reasonable opportunity to correct its deficiencies, as witnessed by USDA and CCM. This court finds DHS' conclusions to terminate Child and Adult Care funding to MCS reasonable.

Wherefore:

This court shall DENY Petitioner's 80C Appeal.

Syttmber 10, 2002

Roland A. Cole
Justice, Superior Court



Date Filed **11-13-01**     **Cumberland**     Docket No. **AP-01-069**
County

Action **RULE 80(C) APPEAL**

MAINE CARE SERVICES, INC.    vs.    STATE OF MAINE DEPARTMENT OF HUMAN SERV

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| STEPHEN C. WHITING, ESQ.<br>75 Pearl Street, Suite 207<br>Portland, ME 04101<br>(207) 780-0681 | PETER B. BICKERMAN, ESQ.<br>45 Memorial Circle<br>Augusta, ME 04332-5307<br>(207) 623-3889 |

Date of
Entry